## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**NAJVA FARSHID, on behalf of her child, E. K., a minor,**

      *Plaintiffs,*

**v.**

**ALLEN INDEPENDENT SCHOOL DISTRICT**
**through its Board of Trustees;**
**JULIE YOUNG**
**(in her official and individual capacity);**
**TERREVA BRYANT**
**(in her official and individual capacity);**
**CRYSTAL BUNCH**
**(in her official and individual capacity);**
**DOUG WILHELM**
**(in his official and individual capacity);**
**DOE DEFENDANTS 1-20, inclusively,**

      *Defendants.*

**CASE NO.**

**COMPLAINT**
**(1) Due Process Violation**
**(2) Battery**
**(3) False Imprisonment**
**(4) Gross Negligence**
**(5) Intentional Infliction of Emotional Distress**
**(6) Negligence**

**JURY TRIAL DEMAND**

---

## <u>COMPLAINT</u>

## I.  INTRODUCTION

This is an action arising from abuse through teachers and coaches occurring at Ford Middle School in the Allen Independent School District. Plaintiff is seeking damages for Defendants' violation of due process. Defendants are also responsible for battery, false imprisonment, gross negligence, intentional infliction of emotional distress, and negligence.

## II.  PARTIES

1.    E. K. is a student at Ford Middle School in the Allen Independent School District. Plaintiff at all time material to this litigation has been, and is presently, a minor child.

2.    The Complaint is filed by and through her mother, NAJVA FARSHID ("Najva"), with the consent of E. K.

3.    Defendant Allen Independent School District through its Board of Trustees ("AISD") is a public school district based in Allen, Texas.

4.    Defendant Julie Young ("Young") was employed by AISD at all times relevant to this litigation.

5.    Defendant Terreva Bryant ("Bryant") was employed by AISD at all times relevant to this litigation.

6.    Defendant Crystal Bunch ("Bunch") was employed by AISD at all times relevant to this litigation.

7.     Defendant Dough Wilhelm ("Wilhelm") was employed by AISD at all times relevant to this litigation.

8.     Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant AISD that caused the harms to Plaintiffs subject of this lawsuit. At this time, their names and whereabouts are unknown.

### III.    JURISDICTION & VENUE

9.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

10.     In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims.

11.     Defendant AISD conducts business within the State of Texas.

12.     The other Defendants on the grounds that they were employees of AISD at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of Texas.

13.     Venue in this action is properly in the Eastern District of Texas because the events relevant to this action occurred primarily within the geographical confines of the Eastern District of Texas.

## IV.   FACTUAL ALLEGATIONS

14.   At all times relevant to this litigation, E. K. has been a student at Ford Middle School ("Ford") within the AISD.

15.   From the start, E. K. has been verbally and physically bullied at Ford because of her Iranian descent and a birth mark located on her face.

16.   In 2017, the bullying went so far that E. K. was beaten by several students.

17.   After this incident, E. K. was put into the Pass and Study Skill Program ("PASS") at Ford, with the intention of protecting her from others. This program was supposed to give E. K. a greater degree of autonomy and freedom.

18.   On October 5, 2020, Defendants Young and Bryant visited Ford unannounced, presumably as part of the PASS program and in their roles as behavioral coaches.

19.   E. K. was in her science class when Defendant Bunch entered the room to observe her on request of Defendants Young and Bryant.

20.   When E. K.'s classmates noticed she was being observed, they began making fun of her, forcing Defendant Bunch to leave the classroom.

21.   Later during the same class, Defendant Bunch returned to order E. K. in front of the entire class to pack up her belongings and come with her.

22.     E. K. was confused and embarrassed about being pulled out of class in front of her peers.

23.     To understand why she was being pulled from class when she had done nothing wrong, E. K. attempted to talk to Assistant Principal Amy Sanford, but Defendants Young and Bryant forcibly stopped her attempts to reach Ms. Sanford's room.

24.     To do so, Defendants Young and Bryant forcefully grabbed E. K. by the arms and lifted her up off the ground, forcing her into another room while stating "you either walk by yourself or get assisted."

25.     E. K. told Defendants Young and Bryant that the grip hurt her and that she would comply, but Defendants Young and Bryant did not remove their grip.

26.     As E.K. cried out for help stating to Defendants Young and Bryant "you're hurting me", Teachers Payne and Nathaniel walked by without providing assistance to E.K.

27.     At 11:49 am CST, and once in the separate room, E. K. tried to use her mobile phone to call her aunt for help but Defendants Young and Bryant yanked the phone away from her.

28.     E. K. begged to be able to call her mother or aunt but was denied every time.

29.     E. K. was desperate and scared and tried to retrieve her phone to call for help.

30.     Defendants Young and Bryant wrestled E. K. to the ground by pinning their knees into E. K.'s back causing intense pain and seized her phone.

31.     E. K. was scared and injured and tried to call 911 on her Apple watch several times.

32.     When Defendants Young and Bryant noticed E. K. attempting to call 911 on her Apple watch, they physically tore her watch from her body.

33.     Once again, E. K. begged Defendants Young and Bryant to be allowed to call her mother or aunt.

34.     In response Defendants Young and Bryant told E. K. to stop resisting, pushed her against the wall, pulled her arms back, and held their knees to E. K.'s back.

35.     E. K. cried out in pain and asked Defendants Young and Bryant to please let her go.

36.     Defendants Young and Bryant then pinned E. K. face-down to the ground with her arms pulled back.

37.     This position made it very difficult for E.K. to breathe.

38.     All this distress, harm, and fear caused E. K. to vomit.

39.     To make matters even worse, E. K. was wearing her COVID-19 mask throughout the whole ordeal, causing vomit to go up her nose and leading to great physical distress as she struggled to breathe causing E.K. to feel as though she was suffocating.

40.     Finally, Defendant Wilhelm arrived at the room.

41.     E. K. begged Defendant Wilhelm to be allowed to call her mother or aunt.

42.     Her requests were again denied by Defendant Wilhelm.

43.     Instead, Principal Wilhelm demanded that E. K. calm down to an extent he would be happy with before she would be allowed to call her mother.

44.     In the end, E. K. was denied calling her mother until the end of the school day at 3:30 pm CST, nearly four hours after she was pulled out of the classroom.

45.     No Ford employee called E. K.'s mother throughout the entire incident.

46.     When Najva requested to watch footage of her daughter's ordeal, Ford staff first denied her request.

47.     As a result of the Defendants Bryant and Young's physical abuse, E.K. developed hemorrhages under both eyes, arm scratches and bruising, chest pain and back/spinal pain.

48.     Due to the trauma E. K. suffered, she received intensive therapy.

49.    AISD and its employees were put on notice about the impending litigation on April 9, 2021.

**Respondaet Superior and Agency**

50.    Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

51.    Under Federal and Texas law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

52.    At all times relevant to this action, all individual Defendants were employed by AISD. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with AISD.

53.    At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V.    CAUSES OF ACTION

### COUNT ONE – VIOLATION OF DUE PROCESS UNDER
### 42 U.S.C. § 1983

54.     Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

55.     The Fifth and Fourteenth Amendments of the U.S. Constitution provides, in pertinent part, that "no person shall be deprived of life, liberty, or property without the due process of law," which includes "state-occasioned damage to a person's bodily integrity." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451-52 (5th Cir. 1994) (internal citation omitted).

56.     In this case, "school children have a liberty interest in their bodily integrity protected by the Due Process Clause of the Fourteenth Amendment, and … physical abuse by a school employee violates that right." *Arevalo-Rivas v. Austin Indep. Sch. Dist.*, No. A-15-CV-430-LY, 2015 WL 7161995, at *4 (W.D. Tex. Nov. 13, 2015).

57.     As such, Defendants violated E. K.'s right of bodily integrity by substantially harming her.

58.     Defendants were giving the impression to act in their role as school employees, therefore acting under the color of law.

59.     Defendants as persons working with children on a daily basis were aware that E. K. was entitled to a liberty interest in bodily integrity.

60.     Plaintiff suffered bodily harm, including vomiting and trouble breathing, as well as hemorrhages and bruising on her body, and mental anguish.

61.    E. K. has been denied her due process rights by Defendants in violation of the Fifth and Fourteenth Amendments in that:

a.  Defendants Bryant and Young forcefully grabbed her by the arms and lifted her off the ground, leaving bruises on E. K.'s arms;

b.  Defendants Bryant and Young wrestled E. K. to the ground to take her phone away, causing extreme pain;

c.  Defendants Bryant and Young pinned E. K. to the ground with a knee to her chest, causing extreme pain;

d.  Defendants Bryant and Young pushed E. K. against the wall, pulled her arms back, and held knee to her back, causing severe pain;

e.  Defendants Bryant and Young pinned E. K. face-down to the ground with her arms pulled back, causing E. K. to vomit and having trouble breathing, as well as leading to hemorrhages;

f.  Defendant Bunch when she handed over E. K. into the hands of Defendants Bryant and Young without ensuring the safety of the child;

g.  Defendant Wilhelm when he refused E. K.'s request to contact her mother, subjecting her to further emotional distress and continued physical pain; and

     h.   Doe Defendants when they failed to inform E. K.'s mother of the incident throughout the whole school day, subjecting E. K. to further emotional distress and continued physical pain.

62.    E. K. was not given the opportunity to present any meaningful defense on her own behalf.

63.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer serious bodily harm as well as severe emotional distress.

64.    The actions of Defendants violated the provisions of 42 U.S.C. §1983 in that they knowingly and willfully violated the civil rights of Plaintiff.

65.    Defendant AISD as a public school district is vicariously responsible for actions of employees acting within the scope of their employment, requiring injunctive relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair

investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

### COUNT TWO – BATTERY

66.     Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

67.     Under § 22.0511(a) of the Texas Education Code, school district employees can be held liable "in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students."

68.     Defendants Bryant and Young used excessive force on E. K. on October 5, 2020, when they handled E. K. with such unprovoked force and aggression that E. K. sustained injuries.

69.     E. K. suffered harmful and offensive contact at the hands of Defendants Bryant and Young when:

a. Defendants Bryant and Young forcefully grabbed her by the arms and lifted her off the ground, leaving bruises on E. K.'s arms.

b. Defendants Bryant and Young wrestled E. K. to the ground to take her phone away, causing extreme pain.

c. Defendants Bryant and Young pinned E. K. to the ground with a knee to her chest, causing extreme pain

d. Defendants Bryant and Young pushed E. K. against the wall, pulled her arms back, and held knee to her back, causing severe pain.

e. Defendants Bryant and Young pinned E. K. face-down to the ground with her arms pulled back, causing E. K. to vomit and having trouble breathing, as well as leading to hemorrhages.

70.    Defendants Bryant and Young undertook each act with the purpose of producing such contact in their attempts to wrongfully restrain E. K. through such contact.

71.    Defendants Bryant and Young knew with a substantial certainty through their experience and training as behavioral coaches, as well as general life experience, that their acts would result in harmful contact.

72.    As a direct and proximate result of Defendants' actions, E. K. has suffered and continues to suffer serious bodily harm as well as severe emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT THREE – FALSE IMPRISONMENT

73.    Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

74.    Under § 22.0511(a) of the Texas Education Code, school district employees can be held liable "in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students."

75.   Defendants Bryant and Young used excessive force on E. K. on October 5, 2020, when they handled E. K. with such unprovoked force and aggression that E. K. sustained injuries.

76.   Defendants committed all four elements of false imprisonment: E.K. was intentional confined; E.K. was confined against their consent and without lawful authority; E.K. was aware she was confined; and E.K. did not know how or if it was possible to escape.

77.   Defendants Bryant and Young willfully detained E. K. in a small, separate room and physically stopped every attempt of E. K. to leave the room.

78.   E. K. did not consent to being held in the separate room and let Defendants Bryant and Young know through her words and actions.

79.   Defendants Bryant and Young are not law enforcement officers and do not have any other basis for detaining E. K. against her will.

80.   As a direct and proximate result of Defendants' actions, E. K. has suffered and continues to suffer serious bodily harm as well as severe emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)   Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish,

and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT FOUR - GROSS NEGLIGENCE

81.     Plaintiffs restate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

82.     Under § 22.0511(a) of the Texas Education Code, school district employees can be held liable "in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students."

83. Defendants caused the four elements of gross negligence: the intentional confinement of the victim.

84.     Defendants' state of mind, knowing disregard for the safety of E.K. was gross negligent.  Tex. Civ. Prac & Rem Code. § 41.003(a).

85.     The individual Defendants used excessive force in the detention of E. K., leading to mental and physical injuries.

86.     As behavioral coaches employed by the school, Defendants Bryant and Young owed E. K. as a student a duty of reasonable care.

87.     Defendants Bryant and Young failed to uphold this duty when they subjected E. K. to a treatment which involved an extreme degree of risk, which the Defendants Bryant and Young as behavioral coaches had or should have had subjective awareness of.

88.     Especially pinning a young girl to the ground resulting in vomiting and difficulty breathing causes an extreme risk of suffocating.

89.     The emotional distress and physical injuries were a foreseeable consequence of Defendants' actions, as physical aggression directly leads to physical injuries and emotional distress.

90.     Additionally, AISD School Policy Codes FFF ("Code FFF") and FFG ("Code FFG") require a notice to a parent or appropriate authority in situations where "a child's physical or mental health or welfare has been adversely affected by abuse or neglect."

91.    The term "abuse" in these policies is defined as in § 261.1001 of the

Texas Family Code:

> (1)   "Abuse" includes the following acts or omissions by a
> person:
> (A)   mental or emotional injury to a child that results in an
> observable and material impairment in the child's growth,
> development, or psychological functioning;
> (B)  causing or permitting the child to be in a situation in which
> the child sustains a mental or emotional injury that results in an
> observable and material impairment in the child's growth,
> development, or psychological functioning;
> (C)  physical injury that results in substantial harm to the child,
> or the genuine threat of substantial harm from physical injury to
> the child, including an injury that is at variance with the history
> or explanation given and excluding an accident or reasonable
> discipline by a parent, guardian, or managing or possessory
> conservator that does not expose the child to a substantial risk of
> harm;
> (D)  failure to make a reasonable effort to prevent an action by
> another person that results in physical injury that results in
> substantial harm to the child.

92.    E. K. sustained both mental as well as physical injuries, the Defendants'

actions therefore are to be considered as abuse.

93.    Defendants therefore had a duty to notify E. K.'s mother of this abuse.

94.    Defendants did not uphold this duty, as E. K.'s mother was not notified

until E. K. herself was able to call her mother at the end of the school day.

95.    This caused E. K. harm in that her abuse went on for longer than if her

mother would have been notified, leading to more extensive abuse and injuries.

96.    As a direct and proximate result of Defendants' actions, E. K. has suffered and continues to suffer serious bodily harm as well as severe emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## COUNT FIVE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97.    Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

98.     Under § 22.0511(a) of the Texas Education Code, school district employees can be held liable "in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students."

99.     Defendants committed all four elements of intentional infliction of emotional distress: Defendants acted with intent; Defendants' conduct was extreme and outrageous; Defendants' conduct caused the Plaintiff emotional distress; and Plaintiff's emotional distress was severe.

100.   The individual Defendants used excessive force in the detention of E. K., leading to mental and physical injuries.

101.   Defendants' intentional actions of abuse by Defendants Young and Bryant caused E. K. extreme emotional distress.

102.   Defendants' intentional actions of refusal to notify her mother by Defendant Wilhelm and Doe Defendants caused E. K. extreme emotional distress.

103.   Defendants' could see the impact their actions had on E. K., as well as were told by E. K. multiple times.

104.   Defendants' actions rose to the level of battery and gross negligence.

105.   Defendants' actions proximately caused E. K. emotional and physical injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT SIX – NEGLIGENCE

106.   Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

107.   Under § 22.0511(a) of the Texas Education Code, school district employees can be held liable "in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students."

108.   Plaintiff's injuries were the result of Defendants' negligent actions because the Defendants owed Plaintiff a duty; Defendants breached that duty; Defendants' breach caused Plaintiff injury; and Plaintiff suffered injuries that a court can compensate, known as "damages."

109.   The individual Defendants used excessive force in the detention of E. K., leading to mental and physical injuries.

110.   Defendants breached their duty of reasonable care by negligently acting or omitting to act in such a way that resulted in Plaintiff's abuse, which these Defendants knew or should have known posed a substantial risk of harm to Plaintiff.

111.   Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

a.   Defendant Bunch when she failed to notify E. K.'s mother upon her request and as required by AISD policies.

b.   Defendant Bunch when she pulled E. K. out of her class to give her into the custody of Defendants Bryant and Young.

c.   Defendant Wilhelm when he failed to notify E. K.'s mother upon her request and as required by AISD policies.

d.   Doe Defendants when they failed to notify E. K.'s mother upon her request and as required from AISD policies.

112.   By their negligent conduct, Defendants have inflicted extreme and severe emotional distress on E. K., who was forced to undergo therapy as a result of Defendants' actions.

113.   Defendants' actions proximately caused E. K. emotional and physical injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)   Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)   Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)   Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)   Grant such other and further relief as justice requires.

## VI.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 23, 2022

Respectfully submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com