# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **NAJVA FARSHID,** *on behave of her child, E.K., a minor*, <br><br> *Plaintiff,* <br><br> v. <br><br> **ALLEN INDEPENENT SCHOOL DISTRICT,** *through its Board of Trustees*, et al. <br><br> *Defendants.* | **CASE NO. 2:22-cv-00821** |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff, Najva Farshid submits the following Initial Disclosures.

Plaintiff's Initial Disclosures are made without waiver of or prejudice to any privilege or objection to disclosure, examination, production, or admissibility available to Plaintiff with respect to the subject of these disclosures. Plaintiff reserves the right to amend and/or supplement these initial disclosures to add additional witnesses, documents, and computation of damages calculations as a result of discovery or other factors pursuant to Rule 26(a) and 26(e) of the Federal Rules of Civil Procedure.

**I.      Fed. R. Civ. P. 26(a)(1)(A)(i) - Currently Known Witnesses**

The following persons are likely to have discoverable information that Plaintiff may use to support its claims against the Defendants. Their addresses for purposes of this

case, unless otherwise indicated, are c/o Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, Michigan 48334.

1. **Najva Farshid,** Plaintiff.

    Subject of Information: As the Plaintiff in this matter, she has full information and knowledge concerning the facts alleged in the Complaint, including the damages her child suffered as a result of the actions of Defendant.

2. **Julie Young**, an employee of Allen Independent School District.("AISD"), c/o Abernathy, Roeder, Boyd & Hullett, P.C.

    Subject of Information: As an employee at AISD, Ms. Young has personal and professional knowledge concerning the facts alleged in the Complaint. Ms. Young also has direct knowledge to the allegations derived from the October 5, 2020 incident as she was a party to the offense.

3. **Terreva Bryant**, an employee of AISD, c/o Abernathy, Roeder, Boyd & Hullett, P.C.

    Subject of Information: As an employee at AISD, Ms. Bryant has personal and professional knowledge concerning the facts alleged in the Complaint. Ms. Bryant also has direct knowledge to the allegations derived from the October 5, 2020 incident as she was a party to the offense.

4. **Crystal Bunch**, an employee of AISD, c/o Abernathy, Roeder, Boyd & Hullett, P.C.

    Subject of Information: As an employee at AISD, Ms. Bunch has personal and professional knowledge concerning the facts alleged in the Complaint. Ms. Bunch also has direct knowledge to the allegations derived from the October 5, 2020 incident as she was a party to the offense.

5. **Doug Wilhelm**, an employee of AISD, c/o Abernathy, Roeder, Boyd & Hullett, P.C.

    Subject of Information: As an employee at AISD, Mr. Wilhelm has personal and professional knowledge concerning the facts alleged in the Complaint. Mr. Wilhelm also has direct knowledge to the allegations derived from the October 5, 2020 incident as he was a party to the offense.

6. All Allen Independent School District personnel who were involved in communications with Plaintiff leading up to the events of the October 5, 2020 incident, as well as anything thereafter that would relate to or be a result of same.

7. All Allen Independent School District personnel involved in Plaintiff and E.K's tenure with/at the school.

8. All fact witnesses with knowledge of the facts described in Plaintiff's Complaint, or the Defendants' defenses, unknown to Plaintiff at this time.

9. Experts to be determined through the course of discovery.

10. All witnesses listed by Defendants.

11. Any rebuttal witnesses, as necessary.

12. All witnesses that future discovery may identify.

13. All individuals who are deposed.

14. All individuals identified in any deposition transcripts, answers to interrogatories, and all other discovery responses.

15. Plaintiff reserves the right to name further lay witnesses and expert witnesses as discovery is ongoing.

## II. Fed. R. Civ. P. 26(a)(1)(A)(ii) – Documents & Exhibits

1. All records maintained by Allen Independent School District concerning or regarding Plaintiff, before, during, and after her time there as a student, including but not limited to all documents and electronic records in E.K.'s student portfolio.

2. All records maintained by Plaintiff concerning the mental and physical health and well-being of E.K.

3. All investigation records and/or reports with regards to any allegations named within the Complaint held by Allen Independent School District or Plaintiff.

4. Any and all communications between Plaintiff and Allen Independent School District and/or its employees pertaining to the allegations alleged in the Complaint.

5. Allen Independent School District's Student and Staff Code of Conduct manuals,

       procedures, pamphlets, as well as any and all other documents related to same.

6. All employment records of Terreva Bryant, Julie Young, Crystal Bunch and Doug Wilhelm.

7. All attorneys' fees and expenses incurred by Plaintiff in relation to the allegations in the operative Complaint.

8. All depositions including exhibits.

9. All affidavits, declarations and sworn statements.

### III.    Fed. R. Civ. P. 26(a)(1)(A)(iii) – Damages

As a direct and proximate result of the Defendant's actions, Plaintiff suffered injuries and damages including, but not limited to, the following:

1. Psychological pain and suffering, and other non-pecuniary losses unliquidated, in a sum that cannot be calculated at this time and is to be determined by a jury;

2. Compensatory, equitable and/or restitution damages in a sum that cannot be calculated at this time and is to be determined by a jury;

3. Injunctive relief; and

4. Costs and reasonable attorney's fees in a sum that cannot be calculated at this time and is to be determined.

### IV.    Fed. R. Civ. P. 26(a)(1)(A)(iv) - Insurance Agreement

To Plaintiff's knowledge there is no insurance agreement pertinent to the current claims.

Plaintiff reserves the right to supplement and/or amend these disclosures pursuant

to Federal Rules of Civil Procedure Rule 26(a) and 26(e).

Dated: January 20, 2023

                                              Respectfully submitted,

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **NAJVA FARSHID**, *on behave of her child, E.K., a minor*,<br><br>*Plaintiff,*<br><br>v.<br><br>**ALLEN INDEPENENT SCHOOL DISTRICT**, *through its Board of Trustees*, et al.<br><br>*Defendants.* | CASE NO. 2:22-cv-02993-NIQA |

## CERTIFICATE OF SERVICE

On January 20, 2023, I caused to be served PLAINTIFF'S INITIAL DISCLOSURES on all Parties to this action via electronic mail.

/s/ *Keith Altman*