IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NAJVA FARSHID, on behalf of her child, E.K., a minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALLEN INDEPENDENT SCHOOL DISTRICT, through its Board of Trustees; JULIE YOUNG, in her official and individual capacity; TERREVA BRYANT, in her official and individual capacity; CRYSTAL BUNCH, in her official and individual capacity; DOUG WILHELM, in his official and individual capacity; DOE DEFENDANTS 1-20, inclusively,<br><br>*Defendants*. | Civil Action No. 4:22-cv-00821-ALM |

## JOINT REPORT OF ATTORNEY CONFERENCE

Najva Farshid, on behalf of her child, E.K., a minor ("Farshid" or "Plaintiff") and Allen Independent School District, Julie Young, Terreva Bryant and Doug Wilhelm[1] ("Defendants"), having conferred on January 9, 2023, pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Governing Proceedings [Dkt. 9] hereby submit the following *Joint Report of Attorney Conference*:

1. **Brief Factual and Legal Synopsis of the Case.**

   **Plaintiff's Position:**

   Plaintiff brings the present case on behalf of her daughter, E.K., due to the unconscionable abuse E.K. suffered at the hands of Allen Independent School District ("AISD") staff. At the hands

---

[1] Defendant Crystal Bunch has been served, but has not yet made an appearance in this case.

of Defendants Young and Bryant, E.K. was picked up off the ground and drug from the office, where she was asking to call her mother, down the hallway to the special education room. Once in the special education room, E.K. again asked to call her mother as she was in immediate fear of further physical abuse. E.K. was told that phoning her mother was a privilege to be earned through good behavior. The abuse came swiftly when E.K. reached for her phone to call her mother. E.K. was immediately thrown to the ground, phone removed, and physically restrained with body weight force with a knee in her back. The physical pain was so severe it resulted in E.K. vomiting in her required covid mask while pinned to the ground, severely inhibiting E.K.'s ability to breathe. The abuse resulted in both physical and emotional injury. The AISD security footage captured the abuse.

All Defendants owned E.K. a duty of care. All Defendants owned Plaintiff the right to bodily integrity under due process. "School children have a liberty interest in their bodily integrity protected by the Due Process Clause of the Fourteenth Amendment, and … physical abuse by a school employee violates that right." *Arevalo-Rivas v. Austin Indep. Sch. Dist.*, No. A-15-CV-430-LY, 2015 WL 7161995, at *4 (W.D. Tex. Nov. 13, 2015). E.K. was not given any opportunity to present a defense to the actions. As a result of the abuse, Plaintiff brings federal claims under 42 U.S.C. §1983 and multiple state law claims.

**Defendants' Position:**

Plaintiff's daughter, E.K., was a student at Ford Middle School in Allen ISD ("AISD") in 2020. During the school year in question, she met the criteria as a student with Emotional Disturbance and she demonstrated an educational need for the related service of Special Education Counseling. As a result, E.K. was given an Individualized Education Program ("IEP") and a Behavior Intervention Plan ("BIP") as required by the Individuals with Disabilities Education Act

("IDEA"). E.K.'s special education services included the use of a calm room when E.K. has difficulties controlling her frustration and anger. As a result of a calm room incident described in the Amended Complaint (Dkt. 5), Plaintiff complains that her daughter's right to bodily integrity was violated when school officials "use[d] excessive force in the discipline of students or negligence resulting in bodily harm to students." Dkt. 5, ¶¶ 14-117. Based on the Amended Complaint's allegations, Plaintiff asserts a federal claim for the alleged violation of E.K.'s substantive due process rights under 42 U.S.C. §1983, and state law causes of action for (1) battery, (2) false imprisonment, (3) gross negligence, (4) intentional infliction of emotional distress, and (5) negligence. Dkt. 5, ¶¶ 54-128. Critically, Plaintiff has sued the individual school district employees in both their official and individual capacities; and, moreover, Plaintiff has sued Allen ISD and the individual school district employees regarding the same subject matter. See Dkt. 5. Defendants deny that they have any liability for the conduct complained of in the Amended Complaint.

As detailed in Defendants' pending motion to dismiss (Dkt. 10), this lawsuit should be dismissed with prejudice in its entirety for the following reasons:

- First, Plaintiff's five state law claims against the individual Defendants in their individual capacities ***must*** be dismissed pursuant to the ***irrevocable*** election of remedies provisions of Tex. Civ. Prac. & Rem. Code §101.106 and, in turn, these same state law claims against AISD must be dismissed because AISD has immunity from these claims since they do not involve the operation or use of a motor vehicle. Moreover, to the extent the above reasons don't completely foreclose consideration of additional argument, these state law claims should also be dismissed because Plaintiff has failed to allege facts sufficient to plausibly support these claims against each Defendant.

- Next, Plaintiff's Section 1983 claim should be dismissed because Plaintiff has failed to first exhaust her administrative remedies as required by the Individuals with Disabilities Education Act ("IDEA") and, as a result, the Court must dismiss Plaintiff's Section 1983 claim for lack of jurisdiction.

- Finally, Plaintiff's Section 1983 claim should be dismissed because (a) Section 1983 substantive due process claims are not available in school discipline cases as a matter of well-established law; (b) neither AISD nor the individual Defendants can be liable under Section 1983 under respondeat superior as a matter of well-established law; (c) there are no allegations of official policy or custom sufficient to allege a plausible Section 1983 claim against AISD; (d) Plaintiff's Section 1983 claim against the individual Defendants in their official capacities are duplicative of their claim against AISD; (e) Plaintiff has failed to plausibly plead each individual Defendant's individual liability under Section 1983, and (f) the individual Defendants in their individual capacities are entitled to *qualified immunity* from Plaintiff's Section 1983 claim.

2. **Jurisdictional Basis for Suit.**

   This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. **A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

   Najva Farshid, on behalf of her child E.K., a minor – Plaintiff

   Allen Independent School District – Defendant

   Julie Young – Defendant

   Terreva Bryant – Defendant

   Crystal Bunch – Defendant

       Doug Wilhelm – Defendant

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

       None.

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

       Because the individual Defendants have raised qualified immunity in their Rule 12 motion to dismiss (see Dkt. 10), Defendants maintain that all discovery and proceedings in this case are stayed until after the Court rules on these Defendants' qualified immunity defense. See *Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense. … The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery."). As a result, Defendants defer participating in any discovery, including Rule 26 disclosures, until the Court first rules on qualified immunity raised in the motion to dismiss (Dkt. 10).

       Plaintiff concurs in staying discovery until this honorable court has ruled on the Defendants pending motion to dismiss. Following the ruling, Plaintiff requests that the stay on discovery be lifted and discovery be able to proceed.

6. **Proposed Scheduling Order Deadlines.**

       See attached Appendix 1 for the parties' proposed case deadlines. The parties propose deviation from the Court's standard schedule in light of the individual Defendants' asserting qualified immunity in their pending motion to dismiss (Dkt. 10) – as stated above, all discovery and proceedings should be stayed until after the Court rules on Defendants' qualified immunity. See *Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022).

7. **Describe in accordance with Rule 26(f):**

   **(i)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

   If the Court denies one or more of the individual Defendants' motion to dismiss based on qualified immunity, then the individual Defendants who remain as parties intend on asking the Court to initially limit discovery to the factual disputes relevant to whether qualified immunity applies (the remaining individual Defendants will then reassert qualified immunity in a summary judgment motion). Only after qualified immunity is finally determined (whether by motion to dismiss or subsequent summary judgment motion) may full discovery then proceed. See *Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022).

   Plaintiff anticipates discovery will be needed on: AISD policies and procedures, AISD employment documentation, the facts surrounding the incident at AISD.

   Assuming that discovery is ultimately conducted after the Court rules on qualified immunity, Defendants anticipate discovery will be needed on: facts relating to qualified immunity (if necessary), the actions of each Defendant that violated E.K.'s substantive due process rights, the actions of each Defendant that violated Texas state law, AISD's custom or policy for purposes of Section 1983 liability, E.K.'s alleged physical and/or emotional injuries, and Plaintiff's alleged damages.

   **(ii)** **Any issues relating to disclosure or discovery electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

   None currently.

> **(iii)** **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court entry of a protective order.**

None currently.

> **(iv)** **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as.**

Because the individual Defendants have raised qualified immunity in their Rule 12 motion to dismiss (see Dkt. 10), Defendants maintain that all discovery and proceedings in this case are stayed until the Court rules on these Defendants' qualified immunity defense. See *Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense. … The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery."). As a result, Defendants defer participating in any discovery, including Rule 26 disclosures, until the Court first rules on qualified immunity raised in the motion to dismiss (Dkt. 10).

If the Court denies one or more of the individual Defendants' motion to dismiss based on qualified immunity, then the individual Defendants who remain as parties intend on asking the Court to initially limit discovery to the factual disputes relevant to whether qualified immunity applies (the remaining individual Defendants will then reassert qualified immunity in a summary judgment motion). Only after qualified immunity is finally determined (whether by motion to

dismiss or subsequent summary judgment motion) may full discovery then proceed. See *Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022).

Following this honorable courts ruling on Defendants pending motion to dismiss, Plaintiff requests full discovery to be opened. Limiting discovery following a ruling on Defendants qualified immunity raised in their motion to dismiss would provide unnecessary delay and incur increased time and cost of litigation.

> **(v)   Whether any other order should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

See above regarding all discovery and proceedings in this case being stayed until the Court rules on the individual Defendants' qualified immunity defense.

## 8. Mediation Details

The parties have not yet attempted mediation. The parties agree mediation is an appropriate ADR method for this lawsuit.

## 9. Identity of persons expected to be deposed.

Plaintiff expects to depose all Defendants, any experts identified by Defendants, and potential third-party witnesses identified by Defendant.

Assuming that discovery is ultimately conducted after the Court rules on qualified immunity, Defendants expect to depose Plaintiff, Plaintiff's daughter, any experts identified by Plaintiff, and potential third-party witnesses identified by Plaintiff.

## 10. Estimated trial time and whether a jury demand has been timely made.

The parties estimate the duration of the trial of this matter to be 3-5 days. Plaintiff has timely made a jury demand.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

    Attorney for Plaintiff:

    Keith Altman
    The Law Office of Keith Altman
    33228 West 12 Mile Road, Suite 375
    Farmington Hills, Michigan 48331

    Attorneys for Defendants (with the exception of Crystal Bunch):

    Charles J. Crawford
    Lucas C. Henry
    Abernathy, Roeder, Boyd & Hullett, P.C.
    1700 Redbud Boulevard, Suite 300
    McKinney, Texas 75069-1210

12. **Whether the parties jointly consent to trial before a magistrate judge.**

    The parties do not jointly consent to trial before a magistrate judge.

13. **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

    None currently known.


Dated: January 24, 2023.

                Respectfully submitted,

                */s/Keith Altman*
                Keith Altman
                Michigan Bar No. P81702
                The Law Office of Keith Altman
                33228 West 12 Mile Road, Suite 375
                Farmington Hills, Michigan 48331
                Telephone: (248) 987-8929
                keithaltman@kaltmanlaw.com

                *Attorney for Plaintiff*

        */s/ Charles J. Crawford*
        Charles J. Crawford
        Texas Bar No. 05018900
        Lucas C. Henry
        State Bar No. 24101901
        Abernathy, Roeder, Boyd & Hullett, P.C.
        1700 Redbud Boulevard, Suite 300
        McKinney, Texas 75069-1210
        Telephone: (214) 544-4000
        Facsimile: (214) 544-4040
        ccrawford@abernathy-law.com
        lhenry@abernathy-law.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 24, 2023, I filed the foregoing *Joint Report of Attorney Conference* via the Court's CM/ECF system.

        */s/Charles J. Crawford*
        Charles J. Crawford

Appendix 1

PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated.[2] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes).

| | |
|---|---|
| February 15, 2023 (1 week after mgmt. conf.) | Deadline for motions to transfer |
| March 22, 2023 (6 weeks after mgmt. conf.) | Deadline to add parties |
| November 20, 2023 six weeks prior to mediation ddl | Mediation must occur by this date. Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| To be determined (10 weeks after mgmt. conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| May 3, 2023 (12 weeks after mgmt. conf.) | Deadline for Plaintiff to file amended pleading. (A motion for leave to amend is required.) |
| To be determined (14 weeks after mgmt. conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| May 17, 2023 (14 weeks after mgmt. conf.) | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection |

---

[2] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| <u>To be determined</u><br>(14 weeks after mgmt. conf.<br>**but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| <u>To be determined</u><br>(24 weeks after mgmt. conf.) | All discovery shall be commenced in time to be completed by this date. |
| <u>November 23, 2023</u><br>(6 weeks before final pretrial conf.) | Notice of intent to offer certified records |
| <u>November 23, 2023</u><br>(6 weeks before final pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| <u>November 30, 2023</u><br>(5 weeks before final pretrial conf.) | Deposition Designations due. Each Party who proposes to offer a deposition shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the Court. The party who served an initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| <u>December 5, 2023</u><br>(30 days before final pretrial conf.) | Motions in limine due<br>File Joint Final Pretrial Order (*See* www.txed.uscourts.gov). |

| | |
|---|---|
| <u>December 21, 2023</u><br>(2 weeks before final pretrial conf.) | Response to motion sin limine due[3]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[4] (This does not extend deadline to object to expert witnesses.)<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by Court.<br>Usually within 10 days prior to final pretrial conf. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| <u>January 4, 2024</u> | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case depending on which cases remain on the Court's docket. |
| <u>To be determined</u> | 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between February 5, 2024, and March 1, 2024. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

---

[3] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The Parties shall notify the court of all the issues which are resolved.

[4] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.