# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **NAJVA FARSHID, on behalf of her child, E. K., a minor,** | **CASE NO.4:22-cv-00821-ALM** |
| *Plaintiffs,* | |
| **v.** | |
| **ALLEN INDEPENDENT SCHOOL DISTRICT through its Board of Trustees; JULIE YOUNG (in her official and individual capacity); TERREVA BRYANT (in her official and individual capacity); CRYSTAL BUNCH (in her official and individual capacity); DOUG WILHELM (in his official and individual capacity); DOE DEFENDANTS 1-20, inclusively,** | |
| *Defendants.* | |

## PLAINTIFF'S RESPONSE TO
## <u>DEFENDANT BUNCH'S MOTION TO DISMISS</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................... ii

I. INTRODUCTION .........................................................................1

II. STATEMENT OF ISSUES .............................................................1

III. STANDARD OF REVIEW .............................................................1

  A.  Texas Tort Claims Act §101.106 ...................................................1

  B.  Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) ..................2

  C.  Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).........................3

IV.    ARGUMENT ..........................................................................4

A.    Texas Tort Law Claims § 101.106 ..................................................4

B.  Subject Matter Jurisdiction.............................................................5

  a.  Exhaustion of Remedies............................................................5

C.  Failure to State a Claim ..............................................................6

D.  Qualified Immunity ..................................................................8

E.  Objection to Outside Evidence......................................................14

V. CONCLUSION ........................................................................15

CERTIFICATE OF SERVICE.............................................................16

# TABLE OF AUTHORITIES

## Cases

*Angulo v. Brown*, 978 F.3d 942, 948-49 (5th Cir. 2020)..........................................12

*Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)

...............................................................................................................12

*Baker v. McCollan*, 443 U.S. 137, 140, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979)....9

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)................2

*Butz v. Economou*, 438 U.S. 478, 504-06, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978) 8

*Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) ...............................................4

*Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) .............3

*County of Sacramento, Et Al. v. Lewis*, 523 U.S. 833, 846, 140 L. Ed. 2d 1043, 118

S. Ct. 1708 (1998)..........................................................................................9

*Dibrell v. Huber*, No. H-04-4854, 2006 U.S. Dist. LEXIS 2208 (S.D. Tex. Jan. 3,

2006) ..............................................................................................................2

*Doe v. E. Baton Rouge Par. Sch. Bd.*, No. 96-31115, 1997 U.S. App. LEXIS

42166, at *1 (5th Cir. July 15, 1997)..............................................................6

*Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994) .......................6, 7

*Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) ..................................................3

*Farmer v. Brennan*, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994) 9

*Fee v. Herndon,* 900 F.2d 804, 808 (5th Cir.) ...........................................................7

*Gardner v. School Board Caddo Parish*, 958 F.2d 108, 111-12 (5th Cir. 1992)..5, 6

*Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990) .........................................6

*Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).................................3

*Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998)....................................8

*Hernandez v. Duncanville Sch. Dist.*, 2005 U.S. Dist. LEXIS 5090, No. Civ. A.

   3:04-CV-2028-BH, 2005 WL 723458, at * 6 (N.D. Tex. Mar. 29, 2005) .......5, 11

*Hinson v. Martin*, 853 F. App'x 926, 930 (5th Cir. 2021) .......................................12

*Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ...........................................2, 3

*Hogenson v. Williams*, 542 S.W.2d 456, 459 (Tex. Civ. App. 1976) ....................13

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010

   (5th Cir. 1998).....................................................................................................3

*Hope v. Pelzer*, 536 U.S. 730, 738, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002).....10

*Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000) .........11

*McClendon v. City of Columbia*, 305 F.3d 314 (2002) ............................................9

*Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) .2

*Nguyen v. Hoang*, Civil Action No. H-17-2060, 2020 U.S. Dist. LEXIS 260092, at

   *7 n.11 (S.D. Tex. Aug. 10, 2020) .....................................................................15

*Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).................4

*Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981) .......................................6

*Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) .........................................10

*T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407 (5th Cir. 2021) ...............................7

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) .......4

**Statutes**

42 U.S.C. §1983 .................................................................................................1

Tex. Civ. Prac. & Rem. Code §101.106 .................................................................1, 4

**Rules**

Fed. R. Civ. P. 12(b)(1)........................................................................................2

Fed. R. Civ. P. 12(b)(6).........................................................................................3

Fed. R. Civ. P. 12(d) ............................................................................................15

## I.      INTRODUCTION

This is an action arising from abuse through teachers and coaches occurring at Ford Middle School in the Allen Independent School District. Plaintiff is seeking damages for Defendants' violation of due process.

## II.      STATEMENT OF ISSUES

1.  Does Tex. Civ. Prac. & Rem. Code §101.106 preclude the Plaintiff from seeking redress from the individual defendants? No.

2. Was Plaintiff required to exhaust administrative remedies under the Individuals with Disabilities Act prior to filing the 42 U.S.C. §1983 claim? No.

3. Is Plaintiff's §1983 claim well pled? Yes.

## III.      STANDARD OF REVIEW

### A. Texas Tort Claims Act §101.106

Section 101.106(e) of the Texas Tort Claims Act states: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code. §101.106. A suit will be considered "filed under this chapter" for purposes of § 101.106 if it is any "tort theor[y] alleged against a governmental entity, whether it is sued alone or together with its employees." *Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653,

659 (Tex. 2008). However, the Texas Tort Claims Act does not preclude lawsuits brought against both a governmental agency and it's employees when a claim is brought based on the United States Constitution. *Dibrell v. Huber*, No. H-04-4854, 2006 U.S. Dist. LEXIS 2208 (S.D. Tex. Jan. 3, 2006).

## B. Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Defendant presents an affidavit from its superintendent with supporting school documents. The documents attached are contested facts and should not be taken into consideration when analyzing Plaintiff's well pled claims.

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the

2

plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.* A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### C. Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).

Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). "The plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir.

1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## IV.   ARGUMENT

### A. Texas Tort Law Claims § 101.106

Defendant first argues that the Texas Tort Claims Act bars Plaintiff from bringing this suit against her. Section 101.106 provides in pertinent part: The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter. Tex. Civ. Prac. & Rem. Code § 101.106.

Plaintiff is suing Defendant under § 1983, and therefore the Texas Tort Claims Act does not apply to Plaintiff's §1983 claims bought against Defendant Bunch in her individual capacities.

Plaintiff concedes that dismissal of the state claims would be proper under the Texas Tort Claims Act immunity provision. Defendant's immunity from state tort

4

claims does not affect Plaintiff's right to bring a claim based on the United States Constitution. *Hernandez v. Duncanville Sch. Dist.*, 2005 U.S. Dist. LEXIS 5090, No. Civ. A. 3:04-CV-2028-BH, 2005 WL 723458, at * 6 (N.D. Tex. Mar. 29, 2005). Plaintiff brings constitutional claims against Defendant in her individual capacity, as such, the Texas Tort Claims Act does not provide Defendant with immunity from this suit.

### B. Subject Matter Jurisdiction

#### a.  Exhaustion of Remedies

Defendant misappropriates the facts of Plaintiffs claim. Plaintiff's claims do not arise out of Plaintiff's disability. Plaintiff's claims arise as a result of Defendant's willful conduct resulting in severe harm to the Plaintiff in violation of both federal and state law. Plaintiff was physically assaulted resulting in both physical and emotional harm. The fact that Plaintiff is an individual with a disability is not determinative of Plaintiff's sought relief.

"Under 20 U.S.C. § 1415(f) of the Individuals with Disabilities Education Act, the Does may file suit for relief afforded by laws other than the IDEA. However, if suit could be brought under the IDEA, then the administrative remedies provided by the IDEA must be exhausted prior to any action being filed in court. 20 U.S.C. § 1415(f)." *Gardner v. School Board Caddo Parish*, 958 F.2d 108, 111-12 (5th Cir. 1992), *Doe v. E. Baton Rouge Par. Sch. Bd.*, No. 96-31115, 1997 U.S. App. LEXIS

42166, at *1 (5th Cir. July 15, 1997). The exhaustion requirement may be forgiven if the plaintiff shows that administrative remedies would be futile or inadequate. *Id.*

Moreover, had resolution under the IDEA been sought, resolution would have proven to be futile. Even if Plaintiff would have been required to file, Plaintiff would have been forgiven from pursuing under the IDEA as the claims are outside of the IDEA and proceeded to the present lawsuit regardless. IDEA administrative proceedings are not a preclusion from Plaintiff bringing the present suit.

### C. Failure to State a Claim

To state a cause of action under § 1983 for violation of the Due Process Clause, plaintiffs "must show that they have asserted a recognized "liberty or property' interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law*." Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990), *Doe v. Taylor Indep. Sch. Dist*., 15 F.3d 443, 450 (5th Cir. 1994). This circuit held as early as 1981 that "the right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." *Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981), *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450-51 (5th Cir. 1994).

We have also held that the infliction of "corporal punishment in public schools "is a deprivation of substantive due process when it is arbitrary, capricious, or wholly

unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.' " *Fee v. Herndon,* 900 F.2d 804, 808 (5th Cir.), *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451 (5th Cir. 1994). Not only was the underlying violation clearly established, but Defendant Bunch's duty with respect to that violation was also clearly established at that time.

Defendant relies on case law that is distinguishable from the present case. In *T.O.*, a student was disciplined only after the student had physically assaulted an aide. *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407 (5th Cir. 2021). In our present case, the Plaintiff did not physically assault Defendants requiring the need to restrain Plaintiff in order to keep a safe learning environment. Plaintiff was asked to leave her science classroom and return to the PAC room. Plaintiff proceeded to the office to speak with the Assistant Principal as she felt unsafe. Plaintiff was not allowed to speak with the Assistant Principal. Defendants Bryant and Young threatened Plaintiff with physically removing her from the office, then followed through on their threat when they stood on either side of her, lifted her off the ground and drug her back to the PAC room after which she was placed in a solitary room. At which point, Plaintiff being terrified of what would happen to her next continued to ask to call her mom and proceeded to take her cell phone from her backpack. Defendants refused to allow Plaintiff to call her mother and forcefully wrestled Plaintiff's to the ground to remove her phone and apple watch from her person. Defendants responded

7

by forcefully pushing Plaintiff into the ground and restraining her with such force to cause vomiting and hemorrhages in her eyes.

Defendant cannot hide behind case law that is incomparable in fact. The assault was not meant to discipline the student, the assault was malicious and meant to cause harm. Of which the Defendants were successful.

### D. Qualified Immunity

The doctrine of qualified immunity seeks to strike a balance between competing social objectives, providing breathing space for the vigorous exercise of official authority, while at the same time allowing a possibility of redress for victims of officials' abuses. *Butz v. Economou*, 438 U.S. 478, 504-06, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978).

The qualified immunity analysis is a two-step inquiry. First, a court must decide whether a plaintiff's allegation, if true, establishes a violation of a clearly established right. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). Second, if the plaintiff has alleged a violation, the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident. *Id*.

The threshold issue presented by any case arising under Section 1983 is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution. *Baker v. McCollan*, 443 U.S. 137, 140, 61 L. Ed. 2d 433, 99 S. Ct.

2689 (1979). A child's right of bodily integrity is clearly established. A right that was clearly established and known by Defendant Bunch at the time of the assault.

To demonstrate a viable substantive due process claim, in cases involving government action, the plaintiff must show that the state acted in a manner that "shocks the conscience." *County of Sacramento, Et Al. v. Lewis*, 523 U.S. 833, 846, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998). We have generally required plaintiffs to demonstrate that "the defendant state official at a minimum acted with deliberate indifference toward the plaintiff." *McClendon v. City of Columbia*, 305 F.3d 314 (2002). To act with deliberate indifference, a state actor must consciously disregard a known and excessive risk to the victim's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994); *McClendon*, 305 F.3d at 326 n.8.

Plaintiff's claims as to Defendant Bunch meets and exceeds the deliberate indifference standard. Defendant Bunch acted willfully with intent to harm the Plaintiff. It is unconscionable that Defendant Bunch, acting in loco parentis while the student is in the care of the school would willfully cause harm to occur to the Plaintiff to the point of inducing vomiting and hemorrhages to the eyes. Plaintiff was not provided with the care and due process required of minor students in the care of the school. Defendant Bunch failed to follow well established AISD policies and procedures in the handling of the Plaintiff which resulted in Plaintiffs injuries.

Individual Defendant Bunch knew or should have known of the immediate consequence of her actions. When forceful physical contact is applied to a student, injury is the natural outcome. Defendant Bunch is not entitled to qualified immunity from a deliberate indifference finding because her conduct was objectively unreasonable.

The courts have held that "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998). As the Supreme Court has stated, under a deliberate indifference standard, "we may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Hope v. Pelzer*, 536 U.S. 730, 738, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002).

The outcome of the Defendant Bunch's conduct was foreseeable. Defendant Bunch's conduct in handing over Plaintiff to Defendants Bryant and Young without securing Plaintiff's safety is unconscionable to believe that Defendant acted without knowing the risk of physical injury to Plaintiff. Defendant Bunch's actions resulted in Plaintiff being forcefully lifted and dragged back to the PAC room, resulting in marks on her arms, forceful wresting of Plaintiff to the ground, and Plaintiff being pinned to the ground with force. The entire encounter of which was recorded on AISD's surveillance cameras.

A child's right of bodily integrity is "clearly established.". As applied here, so long as the facts demonstrate that the risk of severe physical abuse to a minor student's bodily integrity is obvious, a showing of deliberate indifference need not teeter on whether the very act of forceful conduct and restraint has been previously held to be unlawful. *Hernandez* at * 6. Stated differently, an obvious showing that state school workers exhibited a conscious disregard for known physical abuses in a public school by itself sufficiently demonstrates deliberate indifference to a child's right to bodily integrity. *Id.*

At the second part of the qualified immunity analysis, "we are only to determine whether, in light of the facts viewed in the light most favorable to the plaintiffs, the conduct of the individual defendants was objectively unreasonable when applied against the deliberate indifference standard." *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000).

Defendant Bunch violated Plaintiff's constitutional rights when she handed over Plaintiff into the hands of Defendants Bryant and Young without ensuring the safety of the child resulting in: Defendants Bryant and Young forcefully grabbed her by the arms and lifted her off the ground, leaving bruises on Plaintiff's arms, Defendants Bryant and Young wrestled Plaintiff to the ground to take her phone away, causing extreme pain, Defendants Bryant and Young pinned Plaintiff to the ground with a knee to her chest, causing extreme pain, Defendants Bryant and Young

pushed Plaintiff against the wall, pulled her arms back, and held knee to her back, causing severe pain, Defendants Bryant and Young pinned Plaintiff face-down to the ground with her arms pulled back, causing Plaintiff to vomit and having trouble breathing, as well as leading to hemorrhages; and failing to inform Plaintiff's mother of the incident throughout the whole school day, subjecting Plaintiff to further emotional distress and continued physical pain. Defendant Bunch's actions were unreasonable in the light of the situation, deliberately indifferent and caused a foreseeable harm to the Plaintiff in direct violation of Plaintiff's constitutional rights.

To overcome an official's claim of qualified immunity, a plaintiff must be able to prove "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). "Qualified immunity shields from liability all but the plainly incompetent or those who knowingly violate the law. Accordingly, qualified immunity represents the norm, and courts should deny a defendant immunity only in rare circumstances." *Angulo v. Brown*, 978 F.3d 942, 948-49 (5th Cir. 2020), *Hinson v. Martin*, 853 F. App'x 926, 930 (5th Cir. 2021).

Texas cases have long recognized the rule that public school teachers and others standing in loco parentis may use reasonable force to discipline their charges.

*Hogenson v. Williams*, 542 S.W.2d 456, 459 (Tex. Civ. App. 1976). The rule in somewhat more detail. It provides that:

> (1) One standing in loco parentis is privileged to use reasonable force as he reasonably believes necessary for the child's proper control, training or education;
>
> (2) In determining if the force is reasonable for those purposes the following factors are to be considered:
>
> > (a) The age, sex and condition of the child,
> >
> > (b) The nature of his offense or conduct and his motives,
> >
> > (c) The influence of his example upon other students,
> >
> > (d) Whether the force was reasonably necessary to compel obedience to a proper command, and
> >
> > (e) Whether the force was disproportionate to the offense, is unnecessarily degrading, or is likely to cause serious injury.
>
> (3) Force applied for any purpose other than the proper training or education of the child or for the preservation of discipline, as judged by the above standards, is not privileged.

*Hogenson v. Williams*, 542 S.W.2d 456, 459 (Tex. Civ. App. 1976).

Defendants undertook their actions to cause harm to the Plaintiff, first through threats, then through physical assaults. Defendant Bunch is not immune from suit as

a result of her willful disregard for Plaintiffs safety resulting in immense physical harm. There was no disciplinary factor involved when Plaintiff was threatened with force to leave the principals office; a place that should be safe for all students. There was no disciplinary factor involved when Plaintiff was forcefully dragged from the office to the PAC room. There was no disciplinary factor involved when Plaintiff cried out for help to call her mother when Plaintiff was wrestled to the ground and forcefully restrained. Plaintiff is a female of small build that was easily drug down the hallway, Plaintiff had no influence on other students during the altercation, further Plaintiff sought only to call her mother as she was fearful of further actions by the Defendants which ultimately came to fruition.

Plaintiff is a minor female student who was deprived of her constitutional right of bodily integrity at the hands of Defendants. Defendants were entrusted to keep Plaintiff safe and provide her with an education. Defendant Bunch willfully breached her duty owed to Plaintiff resulting in harm that no student should face while at their entrusted educational institution.

### E. Objection to Outside Evidence

Defendant Bunch relies on outside documentation provided as exhibits to the motion to dismiss. The documentation provided has not been authenticated and as such should not be relied upon when ruling on the merits of the present motion. As a general rule, Rule 12(b)(6) precludes consideration of extrinsic evidence. Fed. R.

Civ. P. 12(d). *Nguyen v. Hoang*, Civil Action No. H-17-2060, 2020 U.S. Dist. LEXIS 260092, at *7 n.11 (S.D. Tex. Aug. 10, 2020).

## V.   CONCLUSION

Plaintiff has pled a valid §1983 claim against Defendant Bunch in her individual capacity. As such, Defendant's Motion to Dismiss should be denied as to the above-mentioned claims, the case should be allowed to proceed into discovery and a date set for trial.

Dated: February 17, 2023

Respectfully submitted,

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 17, 2023 a copy of the foregoing document was

served upon all counsel of record by the Court's ECF system.

Respectfully Submitted,

Keith Altman, Esq.