UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NAJVA FARSHID, on behalf of her child, E.K., a minor, | § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | Civil Action No. 4:22-cv-00821-ALM |
| ALLEN INDEPENDENT SCHOOL DISTRICT, through its Board of Trustees; JULIE YOUNG, in her official and individual capacity; TERREVA BRYANT, in her official and individual capacity; CRYSTAL BUNCH, in her official and individual capacity; DOUG WILHELM, in his official and individual capacity; DOE DEFENDANTS 1-20, inclusively, | § § § § § § § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT CRYSTAL BUNCH'S REPLY TO PLAINTIFF'S RESPONSE TO BUNCH'S MOTION TO DISMISS**

Defendant Crystal Bunch files the following reply to Plaintiff's Response to Defendant Bunch's Motion to Dismiss.

1. Plaintiff filed her original Complaint on September 23, 2022. Dkt. 1. As their first responsive pleading, the other Defendants filed Defendants' Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims asserted in the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and Tex. Civ. Prac. & Rem. Code §101.106. Dkt. 3. In response to the motion to dismiss, Plaintiff has filed her Amended Complaint. Dkt. 5.[1] In turn, in response to Plaintiff's Amended Complaint,

---

[1] Because Plaintiff filed her Amended Complaint, the Court has now dismissed Defendants' first motion to dismiss as moot. Dkt. 11.

Defendant Bunch filed her pending Motion to Dismiss. Dkt. 16. Plaintiff then filed her response. Dkt. 17. Defendant Bunch now timely files this reply.

**A.  Dismissal of the State Law Claims is Required Pursuant to the Texas Tort Claims Act**

2.       Bunch's Motion to Dismiss argues that Plaintiff's five state law claims against her in her individual capacity must be dismissed pursuant to the *irrevocable* election of remedies provisions of Tex. Civ. Prac. & Rem. Code §101.106. See Dkt. 16, ¶2.1-2.5. In her response, **"*Plaintiff concedes that dismissal of the state claims would be proper under the Texas Tort Claims Act immunity provisions*."** Dkt. 17, pp. 4-5.[2] As she concedes, Plaintiff's five state law tort claims should all be dismissed pursuant to the election of remedies and immunity provisions of the Texas Tort Claims Act.

**B.  Plaintiff Failed to Exhaust her Administrative Remedies Under the IDEA**

3.       Bunch's Motion to Dismiss moves to dismiss Plaintiff's Section 1983 claims because she failed to first exhaust her administrative remedies as required by the IDEA. This is because, as more fully set forth in the motion to dismiss, a plaintiff cannot escape the IDEA's exhaustion requirement merely by bringing suit under a statute other than the IDEA such as Section 1983; and, here, the substance (i.e., gravamen) of Plaintiff's complaint is that the Defendants misapplied and violated E.K.'s BIP (which was part of her IEP created by her special education ARD Committee) when E.K. was taken to the calm room and physically restrained. See Dkt. 16, ¶ 3.8-3.12. In response, Plaintiff states, without any elaboration, that "[t]he exhaustion requirement may be forgiven if the plaintiff shows that administrative remedies would be futile or inadequate. [H]ad

---

[2] Defendant agrees with Plaintiff that Tex. Civ. Prac. & Rem. Code §101.106 is inapplicable to Plaintiff's federal Section 1983 claims – that is why Defendant's motion ***only*** seeks dismissal of Plaintiff's ***state law*** claims pursuant to Tex. Civ. Prac. & Rem. Code §101.106; the motion does not seek dismissal of the federal claims pursuant to §101.106. See Dkt. 16. Instead, Plaintiff's Section 1983 claims should be dismissed for the other reasons set forth in Defendant's motion and this reply.

resolution under the IDEA been sought, resolution would have proven to be futile." Dkt. 17, p. 6. Plaintiff, however, provides no evidence or authority to support the response's bald conclusory allegation that "resolution would have proven to be futile." Without such support, dismissal of the Section 1983 claims for failure to exhaust administrative remedies under the IDEA is proper.

**C. Section 1983 Substantive Due Process Claims Are Unavailable in School Discipline Cases in Texas**

4. Bunch's Motion to Dismiss moves to dismiss Plaintiff's Section 1983 claims because, in the Fifth Circuit, Section 1983 substantive due process claims are not available in school discipline cases like this one.[3] See Dkt. 16, ¶ 4.5-4.7. In response, Plaintiff argues that she has stated a viable Section 1983 claim because "the right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process" and "the infliction of corporal punishment in public schools 'is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning,'" citing *Fee v. Herndon,* 900 F.2d 804, 808 (5th Cir. 1990) and *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 451 (5th Cir. 1994). Dkt. 17, pp. 6-7. However, Plaintiff's response is misleading in the context of this case since, as further explained in *Fee*,

> Our precedents dictate that injuries sustained incidentally to corporal punishment, irrespective of the severity of these injuries or the sensitivity of the student, do not implicate the due process clause *if* the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions.

900 F.2d at 808. Or, as re-stated by the Fifth Circuit in *Moore v. Willis Indep. Sch. Dist.*,

> We have held consistently that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal

---

[3] This is clearly a school discipline case: for example, underlying her Section 1983 substantive due process claims is Plaintiff's repeated contention that "school district employees can be held liable in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily harm to students." See Dkt. 5, ¶¶ 67, 76, 88, 106, 119.

> punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage. … Educators in states that proscribe student mistreatment and provide a remedy "do not, by definition, act 'arbitrarily,' a necessary predicate for substantive due process relief."
>
> …
>
> By now, every schoolteacher and coach must know that inflicting pain on a student … violates that student's constitutional right to bodily integrity by posing a risk of significant injury. This right is not implicated, however, when, as in this case, the conduct complained of is corporal punishment – even unreasonably excessive corporal punishment – intended as a disciplinary measure.

233 F.3d 871, 874-75 (5th Cir. 2000) (internal citations omitted).[4] See also *T.O. v. Fort Bend Indep. Sch. Dist.,* 2 F.4th 407, 414 (5th Cir. 2021) ("[W]e have consistently dismissed substantive due process claims when the offending conduct occurred in a disciplinary, pedagogical setting.") (distinguishing *Doe v. Taylor Indep. Sch. Dist.*); *Poloceno v. Dallas Indep. Sch. Dist.,* 2019 U.S. Dist. Lexis 104552, * 7-8 (N.D. Tex. 2019) ("When a state proscribes and provides a remedy for student mistreatment, an educator cannot be found to have acted arbitrarily. … Therefore, if Plaintiff has an adequate remedy under Texas law for A.I.'s alleged mistreatment, she cannot state a constitutional claim. Texas law forbids excessive corporal punishment. And, the Fifth Circuit has found that these remedies, along with Texas's traditional common-law remedies, are adequate. Thus, under Fifth Circuit precedent, these provisions of Texas law preclude Plaintiff from prevailing on a substantive due process claim against DISD.").

---

[4] Notably, the Fifth Circuit in *Moore* specifically distinguished the holding in the *Doe v. Taylor Indep. Sch. Dist.* opinion cited in Plaintiff's response: "We do recognize a student's liberty interest in maintaining bodily integrity. For example, we found that right to have been violated by a teacher's conduct in *Doe v. Taylor* [15 F.3d 443 (5th Cir. 1994)]. But *Taylor* is distinguishable from Aaron's case. *Taylor* involved the sexual molestation of a student by her teacher, acts unrelated to any legitimate state goal. In contrast, this case involves excessive exercise imposed as punishment to maintain discipline, and discipline is clearly a legitimate state goal." *Moore,* 233 F.3d at 875.

5. To summarize, because the conduct at issue occurred in Texas in a disciplinary, pedagogical setting, Plaintiff cannot state a viable substantive due process claim against any of the Defendants, including Bunch, under well-established Fifth Circuit precedent. Dismissal of her Section 1983 substantive due process claims is proper.

6. Moreover, Bunch's Motion to Dismiss also argues that she cannot be liable pursuant to Section 1983 under the respondeat superior theory alleged in the Amended Complaint, thereby requiring dismissal of this theory of recovery. See Dkt. 16, ¶ 4.8. Plaintiff's response, however, does not address or otherwise contest this reason for dismissal.

7. Finally, Bunch's Motion to Dismiss asserts that Plaintiff's official capacity Section 1983 claims should be dismissed as duplicative. See Dkt. 16, ¶ 4.14. Plaintiff's response, however, does not address or otherwise contest this reason for dismissal.

**D. Bunch has Qualified Immunity**

8. Bunch's Motion to Dismiss asks the Court to dismiss the Section 1983 claims against her in her individual capacity based on qualified immunity. See Dkt. 16, ¶ 4.13-4.22. In response, Plaintiff argues that "[a] child's right of bodily integrity is 'clearly established'" and "an obvious showing that state school workers exhibited a conscious disregard for known physical abuses in a public school by itself sufficiently demonstrates deliberate indifference to a child's right to bodily integrity [and is therefore objectively unreasonable]." Dkt. 17, p. 11. However, this argument ignores the repeated admonition by the Fifth Circuit that "[a]lthough a case *directly* on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful. Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context, rather, the inquiry must focus on whether a right is

clearly established as to the specific facts of the case." *Vincent v. City of Sulphur,* 805 F.2d 543, 547 (5th Cir. 2015). See also *Morrow v. Meachum,* 917 F.3d 870, 874-75 (5th Cir. 2019) ("First, we must frame the constitutional question with specificity and granularity. For example, it is obviously beyond debate the Fourth Amendment prohibits certain 'unreasonable…seizures.' 'Yet that is not enough.'") (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001)); *Garcia v. Blevins*, 957 F.3d 596, 600-01 (5th Cir. 2020) ("We cannot 'define clearly established law at a high level of generality.' Rather, the question must be 'framed with specificity and granularity.' … Our inquiry 'must be taken in light of the specific context of the case, not as a broad general proposition.'") (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

9. Here, critical to Bunch's entitlement to qualified immunity, considering the facts she confronted, Plaintiff has not "identif[ied] a case" in which "an officer acting under similar circumstances was held to have violated the Constitution." See *White v. Pauly*, 137 S.Ct. 548, 551-52 (2017). In other words, the alleged unlawfulness of Bunch's conduct, considering the circumstances, is not "*beyond debate*." See, e.g., *Vincent*, 805 F.3d at 547. Importantly, under the Supreme Court's and Fifth Circuit's approach to qualified immunity, it is not enough for Plaintiff to simply cite cases for the broad general proposition that students have a substantive due process right to bodily integrity; instead, Plaintiff must identify a case "particularized" to the facts of this specific case. **This, Plaintiff has not done.** Compare *T.O.*, 2 F.4th at 415 (dismissing substantive due process claim under analogous facts); *Joseph v. Bartlett,* 981 F.3d 319, 330 (5th Cir. 2020) (concluding the defendants were entitled to qualified immunity because the plaintiffs failed to identify an analogous case). "[U]nless existing precedent 'squarely governs' the conduct at issue, an official will be entitled to qualified immunity. … "[W]e must enforce the heightened

requirements that the Supreme Court has set forth in its recent qualified immunity decisions." *Cope v. Cogdill*, 3 F.4th 198, 204 and n. 4 (5th Cir. 2021).

10. Because Plaintiff has not met her burden to identify a case "particularized" to the facts of this specific case, dismissal of her Section 1983 substantive due process claim against Bunch is warranted based on qualified immunity. See, e.g., *Joseph,* 981 F.3d at 330; *Vincent*, 805 F.3d at 547.

11. Moreover, in addition to Bunch's right to dismissal based on qualified immunity, dismissal of the Section 1983 claims is also proper because Plaintiff fails to plausibly plead each individual Defendant's Section 1983 liability. Here, the specific act(s) of Bunch identified in the Amended Complaint did not cause E.K. any constitutional harm. See Dkt. 16, ¶ 4.15-4.17.

**E. Reply to Plaintiff's Objections to Attached Evidence**

12. Finally, Plaintiff's response argues that the Court should not consider the exhibits attached the motion to dismiss when deciding the motion. Dkt. 17, p. 14-15. However, Bunch does not rely on these exhibits in the Rule 12(b)(6) portion of her motion; rather, these exhibits support the Rule 12(b)(1) part of the motion, which is allowed. See *Cooper v. Benavides,* 2017 U.S. Dist. Lexis 182172, *10 (E.D. Tex. 2017) ("The Court may, however, consider affidavits and other evidence outside the pleadings in resolving a motion to dismiss under Rule 12(b)(1)").

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
**Lucas C. Henry**
State Bar No. 24101901
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: 214-544-4000
Facsimile: 214-544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANT CRYSTAL BUNCH**

## CERTIFICATE OF SERVICE

I certify that on February 23, 2023, a copy of the foregoing was served on all counsel by the Court's ECF system.

*/s/Charles J. Crawford*
Charles J. Crawford